**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YUANSEN YI,

      Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

      Respondent.

No.   15-70486

Agency No. A087-828-903

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2020[**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

    Yuansen Yi, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's alternative conclusion that even assuming Yi testified credibly, he failed to show that he had been persecuted based on "other resistance" to China's coercive population control policy. *See* 8 U.S.C. § 1101(a)(42)(B). Yi testified that he paid a fine for having a second child, the government seized his leased land, and he was "powerless" and in "no position to object" to his wife's sterilization. These actions show a "grudging compliance" rather than a failure or refusal to comply, and they do not constitute resistance. *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (internal citation and quotation marks omitted).

Substantial evidence also supports the agency's determination that Yi did not establish past persecution or a well-founded fear of future persecution. *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (persecution is an "extreme concept" that "does not include every sort of treatment our society regards as offensive"); *id.* at 1022 (noting a petitioner's failure to provide "compelling, objective evidence demonstrating a well-founded fear of persecution").

With regard to his claim of religious persecution, substantial evidence

15-70486

supports the agency's adverse credibility determination based on inconsistencies in Yi's testimony regarding the number of police officers present during his alleged May 2009 arrest; Yi's failure to disclose his siblings on his asylum application; and the pastor's inconsistent testimony regarding whether she baptized Yi. *Shrestha*, 590 F.3d at 1048 (adverse credibility findings are reviewed under the totality of the circumstances); *Jiang v. Holder*, 754 F.3d 733, 738-40 (9th Cir. 2014) (substantial evidence review is a highly deferential standard). Yi's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies).

Accordingly, Yi's asylum claim fails. Because Yi failed to establish eligibility for asylum, he cannot establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Substantial evidence also supports the agency's denial of Yi's CAT claim because it was based, in part, on the same evidence found not credible, and Yi does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Shrestha*, 590 F.3d at 1048-49.

15-70486

Finally, we lack jurisdiction to review any challenge to the agency's denial of a continuance because Yi did not exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

15-70486